UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

Plaintiff,

v.

KHANH ANH TRUONG,

Defendant.

NO. CR07-344RSL

ORDER GRANTING SEVERAL
DEFENSE MOTIONS AND
DENYING DEFENDANT'S
MOTION FOR SEVERANCE

This matter comes before the Court on Defendant's several motions regarding pretrial disclosure of evidence and severance of the defendants' trials. As the government does not oppose defendant's motions for: (1) reasonable pretrial notice of ER 404(b) evidence (Dkt. #196), (2) Henthorn review (Dkt. #197), (3) disclosure of Brady information (Dkt. #198), and (4) notice of expert witnesses and related information (Dkt. #200), see Dkt. #214 at 1, the Court grants those motions.[1] The government shall give the defense notice no later than 2 weeks prior to the commencement of trial of any ER 404(b) evidence it intends to utilize at trial, any results of its Henthorn review, and the names of any expert witnesses along with summaries of their expected testimony. The government shall disclose to the defense any Brady information as

---

[1] At the status hearing held on March 5, 2009, defendant's counsel explained to the Court that defendant's "Motion for Clarification of Supplemental Protective Order" (Dkt. #195) is now moot. Dkt. #215.

ORDER GRANTING SEVERAL
DEFENSE MOTIONS AND
DENYING DEFENDANT'S
MOTION FOR SEVERANCE - 1

soon as such information comes into its possession but in any event no later than two weeks prior to the commencement of trial.

The government does oppose, however, defendant's motion for severance (Dkt. #199). While defendant is charged in Counts 1, 2, and 5 of the superceding indictment for his alleged role in a conspiracy to export and distribute cocaine and to engage in money laundering, he is not charged in Counts 3 and 4 regarding conspiracy to import marijuana and using a firearm while trafficking in drugs. Dkt. #49. Defendant contends that the joinder of all counts in the same charging instrument "is both a misjoinder and prejudicial." Dkt. #199 at 1. Fed. R. Crim. P. 8(b) permits joinder of two or more defendants "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count." Rule 8(b) is broadly construed in favor of initial joinder. United States v. Friedman, 445 F.2d 1076, 1082 (9th Cir. 1971).

The Court finds that defendant is properly joined in the same indictment with his alleged co-conspirators under Rule 8(b). There exists a logical relationship between the charged offenses even though not every defendant is alleged to be in involved in every aspect of the series of drug trafficking conspiracies and related offenses. Defendant's motion for severance provides no argument otherwise.

Nor does defendant make any argument regarding how he would be prejudiced by this joinder. Fed. R. Crim. P. 14(a) provides that "[if] the joinder of offenses or defendants in an indictment . . . appears to prejudice a defendant or the government, the court may order separate trials of counts [or] sever the defendants' trials." Joinder is "the rule rather than the exception," United States v. Armstrong, 621 F.2d 951, 954 (9th Cir. 1980), and defendant bears the burden of proving that a joint trial is "so manifestly prejudicial as to require the trial judge to exercise his discretion in but one way, by ordering a separate trial." United States v. Abushi, 682 F.2d

1289, 129 (9th Cir. 1982). Defendant does not demonstrate any prejudice as a result of the joinder, let alone a "clear," "manifest," or "undue" prejudice, <u>United States v. Escalante</u>, 637 F.2d 1197, 1201 (9th Cir. 1980) (citation omitted).

For the foregoing reasons, the Court GRANTS defendant's "Motion for Reasonable Pretrial Notice of ER 404(b) Evidence" (Dkt. #196), "Motion for <u>Henthorn</u> Review" (Dkt. #197), "Motion for Disclosure of <u>Brady</u> Information" (Dkt. #198), and "Motion for Notice of Expert Witnesses, Summary of Testimony, and Disclosure of Test Results (Dkt. #200). The Court DENIES defendant's "Motion for Severance" (Dkt. #199).

DATED this 6th day of April, 2009.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER GRANTING SEVERAL
DEFENSE MOTIONS AND
DENYING DEFENDANT'S
MOTION FOR SEVERANCE - 3